UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTINO ZECHRIAH DE ANDA,<br><br>Petitioner,<br><br>v.<br><br>C. KOENIG, Warden,<br><br>Respondent. | No. 2:18-cv-1029 WBS KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2012 conviction for various sex offenses against children. On January 4, 2019, respondent filed a motion to dismiss this action because the petition is not fully exhausted and some of petitioner's claims fail to state a cognizable habeas claim or are moot. Petitioner filed an opposition, including a request for a stay, and respondent filed a reply. As discussed below, the undersigned recommends that respondent's motion be partially granted, and petitioner's request for stay be denied.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth

1

Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 520-22. However, if a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("This court has made clear that district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.")

Nevertheless, it is also established that if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

III. Background

Petitioner alleges that in 2012 he was convicted of various sex offenses against children. On June 1, 2012, petitioner was sentenced to 85 years-to-life, plus thirteen years in state prison. (ECF Nos. 11-1, 11-2.)

In a different federal filing, petitioner previously sought an extension of time in which to file a federal petition. De Anda v. Unknown, 2:16-cv-2755 JAM GGH P (E.D. Cal.). Petitioner's

2

requests for extension and for a stay pending exhaustion, construed as another request for extension of time, were denied. Id. Because petitioner did not file a petition for writ of habeas corpus in his prior federal filing, no federal habeas action was commenced at that time. Id. (ECF No. 10).

On February 21, 2017, the state appellate court affirmed petitioner's judgment. (ECF No. 11-2.) Petitioner filed a petition for review in the California Supreme Court, which was denied on April 26, 2017. (ECF Nos. 11-3, 11-4.) In the petition for review, petitioner raised only one claim: denial of petitioner's right to counsel of choice. (ECF No. 11-3.)

On April 16, 2018, petitioner signed a petition for writ of habeas corpus, which was filed in the California Supreme Court on April 24, 2018. (ECF No. 11-5.) Petitioner raised the following six claims: (1) illegal search and seizure; (2) denial of his right to a speedy trial; (3) denial of the right to an impartial jury; (4) petitioner was not confronted by all witnesses; (5) not all favorable witnesses to the defense were presented; and (6) ineffective assistance of counsel. Such state court petition was denied on August 15, 2018, citing see In re Robbins, 18 Cal. 4th 770, 780 (1998) (courts will not entertain habeas corpus claims that are untimely); and People v. Duvall, 9 Cal. 4th 464, 474 (1995) (a petition for writ of habeas corpus must include copies of reasonably available documentary evidence); and In re Swain, 34 Cal. 2d 300, 304 (1949) (a petition for writ of habeas corpus must allege sufficient facts with particularity).

On April 22, 2018, petitioner signed the instant federal petition, which was filed on April 25, 2018. Petitioner raised nine claims: (1) illegal search and seizure; (2) denial of his right to a speedy trial; (3) denial of the right to an impartial jury; (4) petitioner was not confronted by all witnesses; (5) not all favorable witnesses to the defense were presented; (6) ineffective assistance of counsel; (7) denial of petitioner's right to counsel of choice;[1] (8) imposition of excessive pretrial bail; and (9) the trial court violated the California Constitution because there was no clear and convincing evidence that petitioner's release would injure others. (ECF No. 1.)

////

---

[1] Claims 3 - 7 were listed as one-sentence sub-claims within petitioner's ground two. (ECF No. 1 at 9.)

3

IV. Discussion

    A. Petitioner's Unexhausted Claims

As noted above, petitioner exhausted claim 7 when the California Supreme Court denied the petition for review; claims 2 through 6 were exhausted when the California Supreme Court denied the petition for writ of habeas corpus. Review of the record reflects that petitioner did not include claims eight or nine in either his petition for review or in the habeas petition filed in the California Supreme Court. Thus, the instant petition is a mixed petition, containing both exhausted and unexhausted claims. Before the court addresses whether petitioner is required to file an amended petition, the undersigned addresses respondent's other arguments, and petitioner's request for a stay.

    B. Petitioner's First Claim

In his first claim, petitioner contends he was subject to an illegal search and seizure. Respondent contends that petitioner's first claim, based on the Fourth Amendment, is not cognizable.

The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). Thus, a Fourth Amendment claim can only be litigated on federal habeas where petitioner demonstrates that the state did not provide an opportunity for full and fair litigation of the claim; it is immaterial whether the petitioner actually litigated the Fourth Amendment claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); Gordan v. Duran, 895 F.2d 610, 613 (9th Cir. 1990).

The issue here is whether petitioner had a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, not whether the state courts correctly disposed of the Fourth Amendment issues tendered to them or even whether the claim was correctly understood. See Siripongs v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994). Respondent is correct that California's Penal Code § 1538.5 provides an opportunity for petitioner to suppress evidence allegedly obtained in violation of the Fourth Amendment. Thus, petitioner's Fourth Amendment

claims are not cognizable on federal habeas, whether or not petitioner pursued such challenges, because state law provided petitioner an opportunity to raise such challenges. Accordingly, petitioner's first claim is barred, and should be dismissed.

### C. Claims Eight and Nine

In his eighth and ninth claims, petitioner alleges excessive pretrial bail was imposed, and that the trial court violated the California Constitution because there was no clear and convincing evidence that petitioner's release pending trial would injure others. (ECF No. 1 at 10, 12.) Respondent contends such challenges to pretrial proceedings are moot, not cognizable, and should be dismissed.

As correctly argued by respondent, petitioner's claims concerning the failure of the trial court to release him on bail, or charging an excessive amount of bail, are now moot. Any claim a criminal defendant may have to pretrial bail is moot once he is convicted. Murphy v. Hunt, 455 U.S. 478, 481-82 (1982) ("[T]he question [i]s no longer live because even a favorable decision on it would not [entitle the defendant] to bail.").[2] Thus, because petitioner does not raise colorable pretrial bail claims, his eighth and ninth claims should be dismissed as moot.

### D. Petitioner's Motion for Stay re Claims Eight and Nine

In his opposition, petitioner asks the court to "hold[] off on taking any action sought by counsel for the Respondent, until this matter has been fully exhausted." (ECF No. 16 at 2.) The undersigned liberally construes petitioner's statement as a request for stay pending exhaustion of claims eight and nine because his remaining claims are exhausted. Respondent contends petitioner failed to demonstrate good cause for a stay, the unexhausted claims lack merit because both are moot and not cognizable federal habeas claims, and petitioner cannot show he was not intentionally dilatory given the lengthy delay in bringing claims based on facts known to petitioner for more than five years. (ECF No. 19 at 3-4.)

////

---

[2] Even if such claims could be pursued in state court, petitioner could not pursue them here. The federal habeas statute provides a remedy only for those prisoners whose present custody (or custody at the time of filing) violates federal law. 28 U.S.C. § 2254(a). Petitioner's custody flows from his conviction, not from his pretrial inability to post bail.

5

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose, 455 U.S. at 509. A mixed petition containing both exhausted and unexhausted claims must generally be dismissed, with leave to file an amended petition containing only exhausted claims. Alternatively, under Rhines v. Weber, 544 U.S. 269 (2005), a district court may, in limited circumstances, stay a mixed petition pending exhaustion of unexhausted claims if: (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Granting a stay under these circumstances requires that reasonable time limits be imposed. Id. at 277-78.

The undersigned finds that petitioner has wholly failed to demonstrate good cause for a stay and, in any event, such claims are moot in light of his conviction. Moreover, petitioner did not address why he did not earlier exhaust such claims, failing to raise them in his petition for review or in his petition for habeas corpus filed in the California Supreme Court. As argued by respondent, petitioner has been aware of the bail denial since before his trial in 2012. Thus, petitioner's motion for stay under Rhines should be denied.

E. Leave to Amend

Respondent argues that all of petitioner's claims, except his seventh claim that was exhausted by the petition for review, must be dismissed from this action because they were not exhausted at the time he filed this action. However, there are circumstances in which a petition may proceed on claims not exhausted at the time the original petition is filed. Here, petitioner exhausted claims one through six during the pendency of this action and is entitled to include such claims because the court has not yet ruled on the merits of the petition. Woods, 525 F.3d at 888 (pro se petition filed during pendency of previously filed habeas petition should be construed as a motion to amend the pending petition); McKinney v. Smith, 2017 WL 6014269 (C.D. Cal. Nov. 29, 2017) (where petitioner filed a second habeas petition raising a new claim, the district court considered the two petitions together as the first amended petition); Ellison v. Fletcher,

////

6

2018 WL 834586 (D. Mont. Feb. 12, 2018) (construed prisoner's most recent filing as a motion to amend his petition, and considered the new claims, in addition to his original petition.)

Moreover, because petitioner's unexhausted claims eight and nine are moot and must be dismissed, the court finds it unnecessary to require petitioner to file an amended petition. Rather, claims one, eight and nine should be dismissed, and this action should proceed on petitioner's claims two through seven.[3]

V. Conclusion

In light of the recommended dismissal of claims one, eight, and nine, this action should proceed solely on petitioner's claims two through seven.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be partially granted;

2. Claims one, eight, and nine be dismissed;

3. Petitioner's request for stay (ECF No. 16) be denied;

4. Within sixty days from the date the findings and recommendations are adopted by the district court, respondent shall file an answer to petitioner's claims two through seven. See Rule 4, 28 U.S.C. foll. § 2254. Such answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254.

5. Petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

---

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

7

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 7, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dean1029.mtd.hc.fte